1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRANSPORT TECHNOLOGIES, LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, a public entity,<br><br>       Defendant. | No. 2:15-cv-06423-RSWL-MRW<br><br>**STIPULATED PROTECTIVE ORDER** |
| LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, a public entity,<br><br>       Third Party Plaintiff,<br><br>v.<br><br>ATKINSON CONTRACTORS, LP. a limited partnership,<br><br>       Third Party Defendant. | |

1.      <u>INTRODUCTION</u>

      1.1      <u>PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation maybe warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

      1.2      <u>GOOD CAUSE STATEMENT</u>

      Some of the material expected to be exchanged between the parties is information that is not generally available to the public, and that is maintained in confidence by the Producing Party.  These materials include technical, proprietary, or security sensitive information about the accused systems, and financial information of the parties that is maintained as not publicly available and qualifies for protection as confidential commercial information under Rule 26(c).  The parties further expect that third party discovery will be obtained in this case that will include technical and proprietary information about the accused systems, technical and proprietary information contained in procurement proposals submitted by third parties, and financial information of the third parties that is maintained as not publicly available and qualifies for protection as confidential commercial information under Rule 26(c).

STIPULATED PROTECTIVE ORDER
No. 2:15-cv-06423-RSWL-MRW

1    Should such information be available for public disclosure, harm to the
2    Producing Party could result in the form of compromised ability to compete
3    because competitors and the public would have access to information to which they
4    would otherwise not have access.  Allowing the public access to technical
5    information would enable competitors to have access to proprietary information to
6    which they would not otherwise have access, which could decrease the value of the
7    Producing Party's confidential technical information and compromise their ability
8    to compete.

9

10   2.    DEFINITIONS

11   2.1    Action:  *Transport Technologies, LLC v. Los Angeles County*
12   *Metropolitan Transportation Authority*, Case No. 2:15-cv-06423-RSWL-MRW.

13   2.2    Challenging Party:  a Party or Non-Party that challenges the
14   designation of information or items under this Order.

15   2.3    "CONFIDENTIAL" Information or Items:  information (regardless of
16   how it is generated, stored or maintained) or tangible things that qualify for
17   protection under Federal Rule of Civil Procedure 26(c), and as specified above in
18   the Good Cause Statement.

19   2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as
20   their support staff).

21   2.5    Designating Party:  a Party or Non-Party that designates information or
22   items that it produces in disclosures or in responses to discovery as
23   "CONFIDENTIAL."

24   2.6    Disclosure or Discovery Material:  all items or information, regardless
25   of the medium or manner in which it is generated, stored, or maintained (including,
26   among other things, testimony, transcripts, and tangible things), that are produced
27   or generated in disclosures or responses to discovery in this matter.

28   2.7    Expert:  a person with specialized knowledge or experience in a matter

1   pertinent to the litigation who has been retained by a Party or its counsel to serve as

2   an expert witness or as a consultant in this Action.

3       2.8   <u>House Counsel</u>:  attorneys who are employees of a party to this Action,

4   or are employees of County Counsel of Los Angeles County, who serves as House

5   Counsel of a party to this Action.  House Counsel does not include Outside Counsel

6   of Record or any other outside counsel.

7       2.9   <u>Non-Party</u>:  any natural person, partnership, corporation, association,

8   or other legal entity not named as a Party to this action.

9       2.10  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a

10  party to this Action but are retained to represent or advise a party to this Action and

11  have appeared in this Action on behalf of that party or are affiliated with a law firm

12  which has appeared on behalf of that party, and includes support staff.

13      2.11  <u>Party</u>:  any party to this Action, including all of its officers, directors,

14  employees, consultants, retained experts, and Outside Counsel of Record (and their

15  support staffs).

16      2.12  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or

17  Discovery Material in this Action.

18      2.13  <u>Professional Vendors</u>:  persons or entities that provide litigation

19  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

20  demonstrations, and organizing, storing, or retrieving data in any form or medium)

21  and their employees and subcontractors.

22      2.14  <u>Protected Material</u>: any Disclosure or Discovery Material that is

23  designated as "CONFIDENTIAL."

24      2.15  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

25  Material from a Producing Party.

26

27  3.   <u>SCOPE</u>

28      The protections conferred by this Stipulation and Order cover not only

-3-

Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper

1    purpose (e.g., to unnecessarily encumber the case development process or to

2    impose unnecessary expenses and burdens on other parties) may expose the

3    Designating Party to sanctions.

4          If it comes to a Designating Party's attention that information or items that it

5    designated for protection do not qualify for protection, that Designating Party must

6    promptly notify all other Parties that it is withdrawing the inapplicable designation.

7          5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

8    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

9    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

10   under this Order must be clearly so designated before the material is disclosed or

11   produced.

12         Designation in conformity with this Order requires:

13         (a)    for information in documentary form (e.g., paper or electronic

14   documents, but excluding transcripts of depositions or other pretrial or trial

15   proceedings), that the Producing Party affix at a minimum, the legend

16   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

17   contains protected material.  If only a portion or portions of the material on a page

18   qualifies for protection, the Producing Party also must clearly identify the protected

19   portion(s) (e.g., by making appropriate markings in the margins).

20         A Party or Non-Party that makes original documents available for

21   inspection need not designate them for protection until after the inspecting Party

22   has indicated which documents it would like copied and produced.  During the

23   inspection and before the designation, all of the material made available for

24   inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has

25   identified the documents it wants copied and produced, the Producing Party must

26   determine which documents, or portions thereof, qualify for protection under this

27   Order.  Then, before producing the specified documents, the Producing Party must

28   affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony or information given in depositions or at hearings that the Designating Party identify the Disclosure or Discovery Material on the record, or within 14 days of receipt of the final transcript.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper

purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL" that Party must:

      (a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

      (a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

      (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's

confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
PROTECTED MATERIAL

No production of material in this action, whether made pursuant to this Order
or otherwise, shall be deemed a waiver of any legally cognizable privilege to
withhold such material. The production in this action of any material that is subject
to a claim of attorney/client privilege, the work product doctrine; or any other
applicable privilege or ground for withholding production shall be deemed to be
inadvertent and to be without prejudice to any claim that such material is protected
by the attorney/client privilege, the work product doctrine, or any other applicable
privilege or ground for withholding production, and no party shall be held to have
waived any rights by such production.

Upon the discovery by the Producing Party of a disclosure of material for
which a privilege is asserted, the Producing Party shall promptly notify the party in
receipt of the material in writing of the disclosure, identify the document that
contains such information, and immediately takes steps to preclude further
disclosure. In such an event, the party in receipt of the material will return all copies
of identified materials within seven (7) business days and treat those materials as if
they had been initially excluded from the production.

If, on the other hand, it is the Receiving Party that discovers materials
produced to it that clearly appear to be privileged or work product protected
materials, the party receiving such materials should refrain from examining the
materials any more than is essential to ascertain if the materials are privileged, and
shall immediately notify the Producing Party that he or she possesses material that
appears to be privileged. In such an event, the party in receipt of the material will
return all copies of identified materials within seven (7) business days and treat
those materials as if they had been initially excluded from the production.

12.   PRIVILEGE LOG LIMITATION

   If a party withholds a document from production on a claim of privilege or as trial preparation material, the parties agree that the obligations of Rule 26(b)(5)(A) shall not apply if the document was created after May 23, 2014.

13.   MISCELLANEOUS

   13.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  In particular, the parties recognize that circumstances may arise that require a heightened level of protection from disclosure, and the parties acknowledge the possibility that this Order may need to be modified to account for such circumstances.

   13.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   13.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.   FINAL DISPOSITION

   After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.     Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.



Dated:  February 23, 2016                    FREITAS ANGELL & WEINBERG LLP


                                                          */s/Jason S. Angell*
                                                         Jason S. Angell
                                                       Attorneys for Plaintiff
                                                     Transport Technologies, LLC

1

Dated:  February 23, 2016                    HANSON BRIDGETT LLP

2

3                                                          _/s/Russell C. Petersen_____

4                                                          Russell C. Petersen
                                                           Attorneys for Defendant
5                                                          Los Angeles County
                                                           Metropolitan Transportation Authority
6

7

8

Dated:  February 23, 2016                    MCKOOL SMITH HENNIGAN P.C.

9

10                                                         _/s/Phillip J. Lee_____

11                                                         Phillip J. Lee
                                                           Attorneys for Third-party Defendant
12                                                         Atkinson Contractors, LP

13

14   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

15

16

17   DATED:_ February 24, 2016 _             _____

18                                                         HON. MICHAEL R. WILNER
                                                           United States Magistrate Judge
19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Transport Technologies, LLC v. Los Angeles County Metropolitan Transportation Authority*, Case  No. 2:15-cv-06423-RSWL-MRW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where signed: _____


Printed name: _____

Signature: _____

1

ATTESTATION

2       I, Jason S. Angell, am the ECF User whose ID and password are being used

3  to file this STIPULATED PROTECTIVE ORDER.  I attest that, pursuant to United

4  States District Court, Central District of California Civil L.R. 5-4.3.4, concurrence

5  in the filing of this document has been obtained from all counsel.  I declare under

6  penalty of perjury that the foregoing is true and correct.

7                                                    */s/Jason S. Angell*

8                                                    Jason S. Angell

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-