# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Transport Technologies, LLC, | CV 15-6423-RSWL-MRW |
| Plaintiff, | **ORDER re: Plaintiff's Motion to Dismiss Case as Moot [76]** |
| v. | |
| Los Angeles Metropolitan Transportation Authority, | |
| Defendant. | |

Plaintiff Transport Technologies, LLC ("Plaintiff"), brought this Action against Defendant Los Angeles County Metropolitan Transportation Authority ("Defendant") for patent infringement. All of the asserted claims of Plaintiff's Patent have been deemed unpatentable, and thus both parties agree that this case must be dismissed. The issue left for the

1

Court to decide is how to dismiss the case. Before the Court is Plaintiff's Motion to Dismiss the Case as Moot ("Motion") [76]. For the reasons set forth below, the Court **GRANTS** the Motion.

**I. BACKGROUND**

**A. Factual and Procedural Background**

Plaintiff is a California limited liability company which owns United States Patent 6,980,101 (the "Patent-in-suit"). Compl. ¶¶ 1, 6, ECF No. 1. Defendant is the public transportation agency for the County of Los Angeles. Id. ¶ 2. On August 21, 2015, Plaintiff filed its Complaint [1] against Defendant alleging infringement of claims 1, 3, 6, and 8 of the Patent-in-suit. On April 1, 2016, Plaintiff served Defendant with its Amended Initial Identification of Asserted Claims, alleging that Defendant infringed claims 1, 3, 5, 6, 8, and 10 of the Patent-in-suit. See ECF No. 65 at 21:12-15.

On May 20, 2016, Defendant petitioned the United States Patent and Trademark Office ("USPTO") for *inter partes* review of all asserted claims of the Patent-in-suit. On July 22, 2016, the Court stayed this lawsuit pending resolution of the *inter partes* review proceeding [65]. On August 19, 2016, Defendant filed a second petition for *inter partes* review of the Patent-in-suit. On November 17, 2017, the Patent Trial and Appeal Board ("PTAB") issued two final written decisions: one finding all of the asserted claims of

the '101 Patent unpatentable, see Los Angeles Cnty Metro. Transp. Auth. v. Trans. Techs, LLC, Case IPR2016-01077, Paper No. 34 (PTAB Nov. 17, 2017), and one finding all of the asserted claims of the '101 Patent not unpatentable, see Los Angeles Cnty Metro. Transp. Auth. v. Trans. Techs, LLC, Case IPR2016-01633, Paper No. 22 (PTAB Nov. 17, 2017). Both parties appealed the PTAB's final written decisions to the United States Court of Appeals for the Federal Circuit.

On January 9, 2019, the Federal Circuit affirmed the PTAB's determination that all of the asserted claims of the Patent-in-suit are unpatentable. Transp. Techs, LLC v. L.A. Cnty Metro. Transp. Auth., No. 2018-1412, 748 Fed. App'x 325 (Fed. Cir. Jan. 9, 2019). On January 16, 2019, the parties filed a joint status report requesting that the stay in this Action remain in effect until mandate issued [75]. Mandate issued on February 15, 2019. See Ex. A, ECF No. 76-2.

## II. DISCUSSION

**A.  Dismiss as Moot**

"[W]hen a [patent] claim is cancelled, the patentee loses any cause of action based on that claim and any pending litigation in which the claims are asserted becomes moot." Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013). Here, the asserted claims of the Patent-in-suit are canceled in light of the PTAB's decision finding the claims unpatentable and the Federal Circuit's decision

affirming the PTAB. See 35 U.S.C. § 318(b) (requiring the Director of the PTAB to "issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable" in an *inter partes* review). Thus, this case is moot.

Defendant does not contest that the case is moot, but argues that it will suffer legal prejudice unless the case is dismissed with prejudice because it may be subject to future litigation from Plaintiff, and it would not be able to petition for *inter partes* review if such litigation ensues.[1] However, when a case is moot, there is no longer a live case or controversy over which a federal court has Article III jurisdiction. <u>Cole v. Oroville Union High Sch. Dist.</u>, 228 F.3d 1092, 1098 (9th Cir. 2000) (citing <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 703-04 (2000)) (stating that mootness is a "jurisdictional issue[] deriving from the requirement

---

[1] Specifically, Defendant did not invalidate every claim of the Patent-in-suit because it only addressed the asserted claims that it was accused of infringing. Defendant is concerned that unless the case is dismissed with prejudice, Plaintiff will be free to file another infringement suit on the remaining claims that were not addressed in this Action. Defendant argues that it will be unable to petition for *inter partes* review in such future litigation in light of a recent Federal Circuit decision, <u>Click-to-Call Tech. v. Inegnio, Inc.</u>, 899 F.3d 1321 (Fed. Cir. 2018), which held that a complaint that is dismissed without prejudice is subject to the one year statutory time limit on petitioning for *inter partes* review set by 35 U.S.C. § 315(b). See 35 U.S.C. § 315(b) ("[a]n inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner . . . is served with a complaint alleging infringement of the patent.").

4

of a case or controversy under Article III"). Thus, the Court is without jurisdiction to evaluate whether Defendant would suffer legal prejudice in the first place. See Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc., 645 F. App'x 1018, 1025 (Fed. Cir. 2016) (citations omitted) ("[A] dismissal for mootness is a dismissal for lack of jurisdiction. A dismissal for lack of jurisdiction is not a dismissal on the merits. Rather, the Supreme Court has specifically rejected deciding the merits of a case where the court lacks jurisdiction because jurisdiction is a threshold question, and '[w]ithout jurisdiction the court cannot proceed at all in any cause.'"). Accordingly, the Court dismisses the case as **MOOT** without prejudice. See Lemaire Illumination Technologies, LLC v. HTC Corp., No. 2:18-CV-00021-JRG, 2019 WL 1489065, at *2 (E.D. Tex. Apr. 19, 2019) ("Dismissals for mootness must be without prejudice because federal courts lack jurisdiction to reach the merits of a mooted claim.").[2]

---

[2] Even if the Court had jurisdiction, Defendant's speculation about future litigation is insufficient to constitute legal prejudice. See Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982) ("Plain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage."). This is particularly so in light of the fact that any future litigation regarding the Patent-in-suit would necessarily involve claims that were not asserted in this Action. Cf. Target Training Intern, Ltd., 645 Fed. Appx. at 1024 ("[Plaintiff] cites no authority for the proposition that *unasserted* patent claims must be considered by the district court prior to the dismissal of a case based on cancelled *asserted* claims. We know of no authority that so states."). Ultimately,

5

**B.   Prevailing Party Status**

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the *prevailing party*" in a patent infringement case.[3] Id. (emphasis added).  Defendant argues that the Court should recognize Defendant as the prevailing party. Plaintiff responds that there can be no prevailing party since the case is moot.  Even though the case is moot, the Court retains jurisdiction to decide whether the events which transpired prior to the case becoming moot render Defendant the prevailing party, such that Defendant may be eligible for attorney fees and costs. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending.  For example, district courts may award costs after an action is dismissed for want of jurisdiction.").

Prevailing party status is achieved where there is a judicially sanctioned "material alteration in the

---

the Court cannot preclude Plaintiff from filing a lawsuit on entirely separate claims.  See Smith v. Bayer Corp., 564 U.S. 299, 307 (2011) (citations omitted) ("[A] court does not usually 'get to dictate to other courts the preclusion consequences of its own judgment.' . . . Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court . . . .").

[3]   Defendant does not explicitly link its request to be recognized as the prevailing party to a request for attorney fees under 35 U.S.C. § 285, however it is apparent that that is the underlying purpose of Defendant's request.

6

legal relationship between the parties." CRST Van Expedited, Inc. v. EEOC, 136 S. Ct. 1642, 1651 (2016). Courts have generally held that cases that are dismissed without prejudice cannot confer prevailing party status. See RFR Industries, Inc. v. Century Steps, Inc., 477 F.3d 1348, 1353 (Fed. Cir. 2007) ("A plaintiff's voluntary dismissal without prejudice . . . does not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action."); Oscar v. Alaska Dept. of Educ. and Early Dev., 541 F.3d 978, 981 (9th Cir. 2008) ("[D]ismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing."). Here, the Court refused to dismiss the Action with prejudice. Even though Plaintiff is temporarily prevented from achieving a material alteration of the parties' relationship, Defendant did not invalidate all of the claims of the Patent-in-suit and thus it is still possible that Plaintiff will file another infringement action against Defendant based on the same Patent. As such, the Court concludes that there is no prevailing party in this Action.[4]

---

[4] Defendant cites CRST, 136 S. Ct. at 1651, and Raniere v. Microsoft Corp., 887 F.3d 1298 (Fed. Cir. 2018), for the proposition that a favorable judgment on the merits is not necessary for a defendant to be a prevailing party. This is true. However, irrespective of whether a case is dismissed for non-merits reasons, courts have only conferred prevailing party status where a case is dismissed *with prejudice*. Defendant fails

**C. <u>Costs and Attorney Fees</u>**

Defendant argues that in the event that the Court dismisses the case without prejudice, then Plaintiff should pay appropriate costs and attorney fees and requests an opportunity to brief what would constitute appropriate costs and attorney fees here. Defendant does not address why it should be entitled to fees and costs, and the only authority Defendant cites in support of this request are two Ninth Circuit cases: <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 97 (9th Cir. 1996) and <u>Hamilton v. Firestone Tire & Rubber Co.</u>, 679 F.2d 143, 146 (9th Cir. 1982). Both cases discuss the ability of a court to condition the dismissal of a case pursuant to Federal Rule of Civil Procedure 41(a)(2)—which provides for a voluntary dismissal of a case by court order—"on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). In this context, the court's decision to condition a dismissal on the imposition of fees and costs is meant to avoid the prejudice that could result from dismissing a case without prejudice. <u>See</u> <u>Westlands Water Dist.</u>, 100 F.3d at 97 ("[T]he defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees."). However, the

---

to cite any case, nor was the Court able to find any case, where a court granted prevailing party status to a defendant when the case was dismissed on jurisdictional grounds without prejudice. The Court declines to do so here.

8

dismissal in this case was not voluntary, but rather, was mandated by the Court's lack of jurisdiction now that the claims are moot. As such, the Court had no occasion to address whether Defendant would suffer legal prejudice. Similarly, the Court will not now evaluate whether to condition the dismissal of the case on the imposition of fees and costs, since the case is moot and must be dismissed regardless.

Moreover, to the extent that Defendant's request for fees is based on 35 U.S.C. § 285—which allows a prevailing party in a patent infringement suit to recover attorney fees in exceptional cases—Defendant's request similarly fails. As previously discussed, there was no prevailing party in this case. While Defendant has undoubtedly expended considerable time and resources litigating this case before the PTAB and Federal Circuit, it is possible that Plaintiff can re-file its patent infringement case since not all of the claims of the Patent-in-suit have been canceled. Thus, even though Defendant received a favorable ruling in the PTAB, that is not enough for the Court to conclude that Defendant is the prevailing party entitled to fees and costs at this juncture. Thus, the Court **DENIES** Defendant's request for fees and costs.

///
///
///
///

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Dismiss as Moot Without Prejudice [76]. The Court **DENIES** Defendant's request to be recognized as the prevailing party, and **DENIES** Defendant's request for attorney fees and costs.

**IT IS SO ORDERED.**

DATED: May 8, 2019      s/ RONALD S.W. LEW
                        **HONORABLE RONALD S.W. LEW**
                        Senior U.S. District Judge